IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI SOFTWARE, LLC, | ) | CASE NO. 1:15 CV 01268 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| PACIFIC CAPITAL MGMT., INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

This matter is before the Court on Defendant Pacific Capital Management, Inc.'s ("PCM") Motion to Dismiss for Lack of Personal Jurisdiction (ECF #6). Plaintiff MRI Software, LLC (MRI) has responded to the Motion, and PCM has replied. Thus, the Motion is ripe for consideration. For the reasons stated herein, the Defendant's request to dismiss this case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) is DENIED.

## Factual and Procedural Background

Plaintiff MRI is a Solon, Ohio based software company that sells "proprietary real estate management software, investment management software, and related services."[1] Defendant PCM is a property management company based in Roseville, California, that generally manages

---

1 Pl.'s Mem. in Opp. at 2.

1

properties in multiple states in the Western United States.[2]  In late 2013, PCM decided to upgrade their real estate management software system and solicited a proposal from MRI for this new software.[3]  Michael Casey, an MRI account executive, then visited PCM offices in California to demonstrate MRI's software and, while there, explained to PCM that all of MRI's support services and upgrades would come from MRI's Ohio offices.[4]

Around February 2014, MRI sent PCM a proposed contract, and PCM subsequently negotiated the terms of the agreement through email and phone communications into Ohio.[5]  Within a week, the parties executed a five-year agreement ("the Agreement") for MRI to provide PCM with software services effective March 1, 2014.[6]  MRI installed the software, and performed most trainings and support services from its Ohio office via telephone, email, or video conferences.[7]

Plaintiff MRI filed this action in the Cuyahoga County, Ohio Court of Common Pleas alleging breach of contract and unjust enrichment against Defendant PCM.[8]  PCM removed the action to federal court.

MRI alleges that it entered into the Agreement with PCM whereby MRI agreed to provide certain software services to PCM, and PCM agreed to pay MRI for such services.[9]  MRI alleges that although it provided the services to PCM, PCM anticipatorily repudiated the Agreement and

---

2 Def.'s Mem. in Support at 3
3 Def. Mem. in Support at 3. Pl.'s Mem. in Opp. at 3.
4 Pl.'s Mem. in Opp. at 3. Casey Affidavit, ¶¶4-6.
5 Pl.'s Mem. in Opp. 3.
6 Pl.'s Mem. in Opp. 3.
7 Pl.'s Mem. in Opp. at 4-5
8 ECF #1-1.
9 Complt. ¶¶6-7.

failed to pay for the services, damaging MRI in the amount of $222,047.78, plus applicable taxes and interest, court costs and attorneys' fees.[10] MRI attaches to its complaint a letter from PCM in which PCM repudiates the Agreement with MRI, claiming that the software was faulty and that MRI's software support was deficient.[11]

PCM moves dismiss the complaint against it for lack of personal jurisdiction.

### Standards of Review

The party seeking *in personam* jurisdiction bears the burden of showing that jurisdiction exists. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-61 (6th Cir. 1996). Where a district court rules on a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) without an evidentiary hearing, the party asserting jurisdiction need only make a prima facie showing of jurisdiction. The court does not weigh controverting assertions of the party seeking dismissal, but rather, considers the pleadings and the evidence in the light most favorable to the plaintiff. Dismissal for lack of personal jurisdiction is appropriate in this procedural posture only if "all of the specific facts which the plaintiff . . . alleges collectively fail to state a prima facie case for jurisdiction." *Id.* at 1262.

Federal courts apply the law of the forum state, subject to the limits of the Due Process Clause of the Fourteenth Amendment of the Constitution, to determine whether personal jurisdiction exists. *Id.* The defendant must be amendable to suit under the forum state's long-arm statute and the due process requirements of the Constitution. Ohio's long-arm statute

---

10 Complt. ¶¶11-14.
11 Complt., Ex. A

3

provides that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from a person's . . ."[t]ransacting any business in this state." Ohio Rev. Code § 2307.382 (A)(1). The Ohio Supreme Court broadly defines "transacting any business" as to include "to prosecute negotiations; to carry on business; to have dealings." *Kentucky Oaks Mall v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 75 (1990). Importantly, a defendant's lack of physical presence in a state "does not preclude a finding that it transacted business in [that] state." *Id.* at 76; *Burger King v. Rudzewicz*, 471 U.S. 462, 475-76 (1985).

The "transacting business" clause of Ohio's long-arm statute extends to the federal constitutional limits of due process. *CompuServe*, 89 F.3d at 1262. Thus, an assertion of personal jurisdiction on the basis of transacting business in Ohio requires examination of the limits of constitutional due process. The crucial constitutional inquiry is whether the defendant has sufficient "minimum contacts" with the forum state so that the district court's exercise of jurisdiction over it comports with "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Further, depending on the type of minimum contracts in a case, personal jurisdiction can either be general or specific. *Reynolds v. Intern. Amateur Athletic Ass'n*, 23 F.3d 1110, 1116 (6th Cir. 1994). General jurisdiction exists where a defendant's "continuous and systematic" contacts with a forum render the defendant amenable to suit in any lawsuit brought against it in the forum. Specific jurisdiction exists if the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum. *See Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., Ltd.*, 91 F.3d 790,

793 (6th Cir. 1996). The Sixth Circuit has consistently applied the following criteria to determine whether specific jurisdiction exists:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*CompuServe*, 89 F.3d at 1257.

## Discussion

MRI contends that PCM is transacting business in Ohio pursuant to Ohio Rev. Code § 2307.382(A)(1) on the basis of "ongoing activities" here.[12] MRI submits the affidavits of Patrick Ghilani, the Chief Executive Officer of MRI software,[13] and of Michael Casey, the account executive of MRI who visited PCM offices to demonstrate MRI products.[14] Both Ghilani and Casey state that the vast majority of software support services provided by MRI to PCM were rendered in Ohio.[15,16] Ghilani also states that the Agreement provided for ongoing support services to be rendered in Ohio throughout the duration of MRI's five-year contract with PCM.[17]

In addition, MRI asserts that PCM engaged in contract negotiations via communications

---

12 Pl.'s Mem. in Opp. at 2.
13 Ghilani Affidavit, attached to Pl.'s Mem. in Opp.
14 Casey Affidavit, attached to Pl.'s Mem. in Opp.
15 Ghilani Affidavit ¶ 10, 12.
16 Casey Affidavit ¶¶ 5-6.
17 Ghilani Affidavit, ¶ 10.

into Ohio.[18] MRI contends that PCM's ongoing communications into Ohio for software support and for contract negotiations render it amenable to personal jurisdiction here.[19]

PCM, on the other hand, contends that it has insufficient contacts with Ohio to justify an exercise of personal jurisdiction.[20] PCM alleges that it has never conducted business in the state of Ohio.[21] PCM also claims that none of its employees ever visited MRI's offices in Ohio for any reason, and that MRI employees conducted demonstrations, signed the Agreement, installed updates, and conducted trainings at PCM offices in California.[22] Therefore, PCM argues that it did not have the requisite substantial connection with the State of Ohio.23

This is a close case, but this Court finds that MRI has satisfied its burden of demonstrating a prima facie case of jurisdiction. First, the Court finds that PCM has purposely availed itself of this forum. MRI submits affidavit testimony that PCM engaged in ongoing communications into Ohio for the purposes of negotiating the Agreement. (*See* Ghilani Affidavit.) In addition, PCM entered into a five-year agreement with MRI, which provided that software upgrades and support services were to be rendered in the State of Ohio for the duration of that term. (*See* Ghilani Affidavit, Casey Affidavit.) PCM thus purposefully availed itself of the privilege of acting in the State of Ohio. Engaging in contract negotiations via communications into Ohio and entering into a five-year agreement with MRI established PCM's ongoing and substantial connection with the state of Ohio. PCM's contacts with Ohio are

---

18 Ghilani Affidavit, ¶ 8.
19 Pl.'s Mem. in Opp. at 8.
20 Def.'s Mem. in Support at 2.
21 Def.'s Mem. in Support at 3.
22 Def.'s Mem. in Support at 3,4.
23 Def.'s Mem. in Support at 2.

sufficient for this Court to exert personal jurisdiction over it.

Second, the Court finds that MRI's cause of action arises from PCM's contacts with this forum. It is undisputed that MRI's claims of breach of contract and unjust enrichment arose from the Agreement entered into by PCM via communications into Ohio. Prosecuting negotiations to an agreement is broadly considered "transacting any business" for the purposes of establishing personal jurisdiction pursuant to Ohio's long-arm statute, Ohio Rev. Code § 2307.382 (A)(1). *Kentucky Oaks Mall*, 53 Ohio St.3d at 75. The fact that PCM employees were never physically present in Ohio for those negotiations does not preclude a finding that PCM conducted business in Ohio. *Id.* at 76.

Finally, the Court finds an exercise of personal jurisdiction over PCM in Ohio reasonable. Where the first two prerequisites for personal jurisdiction have been satisfied, an inference arises that the third factor has also been satisfied. *CompuServe*, 89 F.3d at 1268. There has been no showing here that Ohio is not a reasonable forum in which to resolve this dispute.

## Conclusion

For all of the reasons stated above, the Court finds MRI has demonstrated a prima facie case of jurisdiction over PCM. PCM's motion to dismiss the complaint against it for lack of personal jurisdiction (ECF # 6), accordingly, is DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: November 14, 2015