IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MRI SOFTWARE, LLC, | ) | CASE NO.: 1:15 CV 1268 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| PACIFIC CAPITAL MANAGEMENT, INC., | ) | |
| | ) | |
| Defendants. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| | ) | |

This matter is before the Court on Plaintiff, Lawyers MRI Software LLC's Motion to Dismiss Defendant Pacific Capital Management Inc.'s Counterclaim.  (ECF #19).  After careful consideration of the briefs and a review of all relevant authority, Plaintiff's Motion to Dismiss the Counterclaim is DENIED.

**<u>FACTUAL AND PROCEDURAL OVERVIEW</u>**[1]

This is a class action suit was brought by Plaintiff, MRI Software LLC ("MRI"), alleging

---

[1] The facts as stated in this Memorandum and Order are taken from the Counterclaim and should not be construed as findings of this Court.  In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Defendant.

breach of contract against Defendant, Pacific Capital Management Inc. ("Pacific") for failure to pay in accordance with the contract terms between the parties. Pacific filed a counterclaim alleging breach of contract and negligent/false misrepresentation against MRI.

In February of 2014, the parties entered into a five year contract, under which MRI was to provide certain real estate management software solutions, management software, and related services to Pacific. Pacific alleges that MRI made certain representations about the capabilities of the software prior to the execution of the contract. These included a representation that "the MRI software package ... would prepare all of the reports that [Pacific's prior software] provided and more." (Counterclaim ¶ 4). Pacific alleges that the software did not, in fact, prepare all of the reports as promised, and that software had other performance problems that affected Pacific's ability to run its business. Pacific further alleges that MRI was unable to fix these problems and it was, therefore, forced to repurchase its old software from another company. (Counterclaim ¶¶ 7-8).

MRI seeks to have Defendant's Counterclaims dismissed because it claims those actions are barred by the parole evidence rule, the economic loss doctrine, and by the release that was made part of the contract between the parties. Pacific argues that its counterclaims are actionable under the terms of the contract and under the principle of fraud in the inducement, which creates an exception to the parole evidence rule and the economic loss doctrine.

## **STANDARD OF REVIEW**

On a motion brought under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record

of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808 (3rd Cir. 1990). A Complaint must provide fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Dismissal on a Rule 12(b)(6) or 12(c) motion is appropriate only if "the factual allegations contained in the complaint, accepted as true, do not show that the pleader is entitled to relief." *Hill v. Mr. Money Finance Co. & First Citizens Banc Corp.*, 309 Fed. Appx. 950, 955 (6th Cir. 2009).

In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## ANALYSIS

   A. Breach of Contract

Defendant has alleged offer, acceptance, and consideration, thereby establishing the existence of a contract; it has alleged that Pacific performed all of the conditions of the contract it was required to perform, expect those excused by the MRI's conduct; it has alleged a breach of one or more terms that contract; and, it has alleged damage.  Generally, nothing more is required at this stage of the litigation.  Plaintiff, however, argues that the alleged breach is not actionable because it relies on parole evidence and is otherwise barred by the actual terms of the contract.

      1. Parole evidence

MRI claims that Pacific's breach of warranty claim is based entirely on parole evidence including representations allegedly made to Pacific prior to the execution of the contract, relating to what reports the MRI software would generate.  Parole evidence is generally barred under Ohio law as a means of proving a breach of contract.  "The parole evidence rule is a rule of substantive law that prohibits a party who has entered into a written contract from contradicting the terms of the contract with evidence of alleged or actual agreements." *Williams v. Spitzer Autoworld Canton, LLC*, 122 Ohio St.3d 546, 913 N.E.2d 410, 2009-Ohio-3554 (Ohio 2009).  "[T]he parol evidence rule will not be overcome by merely alleging that a statement or agreement made prior to an unambiguous written contract is different from that which is contained in the contract. Stated differently, 'an oral agreement cannot be enforced in preference to a signed writing which pertains to exactly the same subject matter, yet has different terms.'" *Ed Schory & Sons v. Francis*, 75 Ohio St.3d 433, 440 (1996)(quoting *Marion Prod. Credit Assn. v. Cochran* (1988), 40 Ohio St. 3d 265, 533 N.E.2d, paragraph three of the syllabus).

Pacific contends that none of the evidence supporting its breach of contract counterclaim actually qualifies as parole evidence, because it does not contradict the written terms of the contract. Rather, any extrinsic evidence at issue would be used solely to clarify any ambiguities in the contract language. The parole evidence rule does not apply when extrinsic evidence is introduced to clarify ambiguous terms in the language of a written contract. *Williams,* 122 Ohio St.3d 554, 913 N.E.2d 410 (Ohio 2009). At this stage of the litigation, and based on the information currently before it, the Court cannot determine as a matter of law that the written contract is unambiguous with regard to the types of reports it was to include,[2] nor that Pacific could not prove any of the alleged breaches of contract without resort to inadmissible parole evidence. Therefore, MRI's motion to dismiss the counterclaim for breach of contract cannot be granted on this basis.

2. Release/Disclaimer of Warranties

MRI also contends that Pacific's breach of contract claims are barred by the release language and disclaimer of warranties clause contained in the written contract between the parties. The Agreement's integration clause states that Pacific "hereby releases and discharges MRI from any and all claims for relief, causes of action, or demands arising out of or in any way relating to any event, act or occurrence prior to the Effective Date of this Agreement...." (Agreement § 10.3).

---

[2] MRI acknowledges in its Reply Brief that the contract provided a post-execution process by which the parties would agree on what reports the software would generate under the terms of the contract. Therefore, the contract appears to have left open this issue, leaving an ambiguity to be resolved. Whether pre-execution statements have any bearing on this issue, or whether post-execution extrinsic evidence or contractual addendums may exist which shed light on this issue is a question that cannot be resolved at this stage. Clearly the parties agree that the software was meant to generate reports and both parties also seem to agree that the written contract language in the main contract did not identify which reports those would be. Thus, at this point at least, there appears to be an ambiguity in the terms of the contract, if not in any specific language used, which must be resolved.

Based on this release, MRI contends that Pacific has no cause of action based on any representations or promises, including those relating to which reports would be generated, made before the contract was executed.  Pacific claims that the contract includes no such release language and instead the cited provision is simply a standard integration clause stating:  "The Agreement constitutes the Parties' entire agreement relating to its subject matter.  It cancels and supersedes all prior or contemporaneous oral or written communications, representations, and warranties, or other communication between the Parties relating to its subject matter as well as any contractual agreements between the Parties.  No modification to the Agreement will be binding unless in writing and includes a signature by an authorized representative of each Party."  (ECF #22-2, Agreement § 10.13).   MRI does not address this argument in its Reply Brief.  Neither party has provided an unredacted copy of Agreement at issue and it is, therefore, impossible for the Court to tell which version of the contract language is correct, or what other relevant provisions may provide context to this issue.  MRI's motion to dismiss cannot, therefore, be granted on this basis at this time.

MRI's argument that the Agreement includes an explicit disclaimer of warranties which bars Pacific's breach of contract claim also fails.  A disclaimer of warranty does not invalidate a breach of contract claim, if one exists outside of the warranty.  Pacific has sufficiently alleged a breach of contract that does not rely on the warranty provisions of the contract.  Whether that claim has any validity is a question to be determined at a later stage of the proceedings.

### B. Fraudulent Inducement/Negligent Misrepresentation

Under Ohio law, "a claim of fraud in the inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation . . . . A classic claim of fraudulent inducement asserts that a misrepresentation of facts outside the [agreement] or other wrongful conduct induced

-6-

a party to enter into the [agreement]." *Am. Coal Sales Co. v. N.S. Power Inc.*, 2009 U.S. Dist. LEXIS 13550 (S.D. Ohio, Feb. 23, 2009)(citing *ABM Farms, Inc. v Woods*, 81 Ohio St. 3d 498, 502-3, 1998 Ohio 612, 692 N.E.2d 574 (Ohio 1998). To prove fraudulent inducement, a plaintiff must demonstrate the same elements necessary to prove a traditional action for fraud, including: (1) a representation, or where there is a duty to disclose, concealment of fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent to mislead another into relying on it; (5) justifiable reliance; and, (6) a resulting injury. *See, Micrel, Inc. V. TRW, Inc.*, 486 F.3d 866, 874 (6th Cir. 2007); *Cf, Cohen v. Lanko, Inc.*, 462 N.E.2d 407, 10 Ohio St. 3d 167, 169 (Ohio 1984). Further, Ohio law holds that a claim for negligent misrepresentation arises when a party "in the course of his business, profession, or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions," which the other party relies on, "if he fails to exercise reasonable care or competence in obtaining or communicating information."

MRI claims that Pacific should be barred from raising these claims under the economic loss doctrine. Ohio law holds that there is a general rule "prevents recovery in tort of damages for purely economic loss." *Corporex Dev. Constr. Mgmt. v. Shook, Inc.*, 835 N.E.2d 701, 704 (Ohio 2005). "The well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." *Id.* (*quoting Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 42 Ohio St. 3d 40 (Ohio 1989)). The economic loss rule is generally only applied to negligence cases and not to intentional torts, however. See, e.g., Id.; *Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins.*

*Co.*, 537 N.E.2d 624, 42 Ohio St. 3d 40 (Ohio 1989); *Pavolichv. Nat'l City Bank*, 435 F.3d 560 (6th Cir. 2006); *Intgegrated Molding Concepts, Inc. v. Stopol Auctions*, 2007 U.S. Dist. LEXIS 75646 at *11 (N.D. Ohio Oct. 11, 2007). Ohio courts and many courts in this district have held that this doctrine does not prevent a party from raising a claim for fraud in the inducement or negligent misrepresentation when the alleged misrepresentation was intended to induce a party into entering into a contract. *See, e.g., Gutter v. Dow Jones, Inc.,* 22 Ohio St.3d 286, 490 N.E.2d 898 (Ohio 1986)*; PLC Corp. V. Brandywine Recovery, Inc.,* 2015 WL 5852829, *7 (N.D. Ohio, Oct. 6, 2015); *J.F. Meskill Enters., LLC v. Acuity*, 2006 U.S. Dist. LEXIS 41491 (N.D. Ohio Apr. 7, 2006); *Long v. Time Ins. Co.*, 572 F. Supp.2d 907, 912 (S.D. Ohio 2008); *Lee v. Dublin Manor Corp*., 2007 U.S. Dist. LEXIS 57603 at *19 (S.D. Ohio, Aug. 3, 2007); *Onyx Environmental Services, LLC v. Maison,* 407 F.Supp.2d 874, 879 (N.D. Ohio 2005); *Marine Direct v. Dougherty Marine, Inc*., 2007 U.S. Dist. LEXIS 1414 (S.D. Ohio, Jan. 8, 2007). Therefore, the economic loss doctrine does not justify dismissal of Pacific's fraud in the inducement and/or negligent misrepresentation claim.

MRI also argues that this claim should also be dismissed on the basis of the parole evidence rule. "'A person of ordinary mind cannot say that he was misled into signing a paper which was different from what he intended to sign when he could have known the truth by merely looking when he signed. * * * If this were permitted, contracts would not be worth the paper on which they are written. If a person can read and is not prevented from reading what he signs, he alone is responsible for his omission to read what he signs.'" *Ed Schory & Sons v. Francis, 75 Ohio St.3d 433 (1996)(quoting Dice v. Akron, Canton & Youngstown RR. Co.* (1951), 155 Ohio St. 185, 191, 44 Ohio Op. 162, 164, 98 N.E.2d 301, 304, reversed on other grounds (1952), 342 U.S. 359, 72 S. Ct. 312, 96 L. Ed. 398). Fraud in the inducement and/or negligent misrepresentation with the intent to

induce someone into entering into a contract is actionable and can be supported by extrinsic evidence so long as the alleged representations relied upon do not directly contradict the terms of the written contract, and all of the other elements of the claim are met.  In this case, there is no evidence before the Court that the alleged misrepresentations at issue directly contradict anything in the written contract.  The contract language cited by the parties does not identify the specific reports that would or would not be included in the software programming.  Therefore, the parole evidence rule does not support dismissal of the fraud in the inducement/negligent misrepresentation claim made by Pacific.

## **CONCLUSION**

For the reasons set forth above Plaintiff's Motion to Dismiss the Counterclaims, (ECF #19), is DENIED.   IT IS SO ORDERED.

      /s/ Donald C. Nugent
     DONALD C. NUGENT
     United States District Judge

DATED:    April 11, 2016